UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| BYRON ROBINS ET AL. | NO.: 18-83-BAJ-EWD |

## RULING AND ORDER

Before the Court is Defendant Reuben Crawford's **Motion to Suppress (Doc. 193)** text messages under *Riley v. California*, 573 U.S. 373 (2014). For the reasons that follow, the **Motion (Doc. 193)** is **DENIED**.

### I. BACKGROUND

This drug-conspiracy case arises from the activities of the FreeBandz organization in Baton Rouge, Louisiana. (Doc. 1). A grand jury returned a 68-count indictment charging 21 FreeBandz associates with drug-related crimes. (*Id.*). Crawford is one such associate. (*Id.*).

Crawford was riding in the passenger seat of a car stopped for a traffic violation. (Docs. 193, 230). An officer searched the car and discovered methamphetamine. (*Id.*). The officer arrested Crawford and the driver. (*Id.*).

1

The officer obtained warrants authorizing the search of a cell phone found on the driver's person. (Docs. 230-1, 230-2). Those warrants yielded text messages sent to, and received from, Crawford's cell phone. (Doc. 230).

Invoking *Riley*, Crawford moves to suppress the text messages on the ground that the United States obtained them by searching his cell phone without a warrant. (Doc. 193). The United States opposes, pointing to warrants justifying the search that uncovered the text messages. (*Id.*).

## II. LEGAL STANDARD

"Generally, on a motion to suppress, the defendant has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of her constitutional rights." *United States v. Guerrero-Barajas*, 240 F.3d 428, 432 (5th Cir. 2001). But "[w]hen the government searches or seizes a defendant without a warrant, the government bears the burden of proving, by a preponderance of the evidence, that the search or seizure was constitutional." *Id.* at 432.

Because the United States points to warrants authorizing the search of a cell phone containing the text messages Crawford seeks to suppress, Crawford has the burden of proving, by a preponderance of the evidence, that the United States obtained the text messages in violation of his constitutional rights. *See Guerrero-Barajas*, 240 F.3d at 432.

## III. DISCUSSION

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. The warrantless search of a cell phone is generally unreasonable. *Riley*, 573 U.S. at 387.

Crawford argues that the United States obtained the text messages through a warrantless search of his cell phone. (Docs. 193, 193-1). He is mistaken: the United States points to warrants authorizing the search of a cell phone containing the text messages. (Docs. 230-1, 230-2). Crawford does not challenge the scope or validity of the warrants. (Docs. 193, 193-1). Nor does he challenge any of the United States' factual assertions. (Doc. 230). The Court therefore finds that he fails to meet his burden of proving, by a preponderance of the evidence, that the United States obtained the text messages in violation of his constitutional rights. *See Guerrero-Barajas*, 240 F.3d at 432.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion to Suppress (Doc. 193)** is **DENIED**.

Baton Rouge, Louisiana, this 29th day of April, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**